NO. 8478

COURT OF APPEAL

PARISH OF ORLEANS.

————

MARY BENJAMIN, widow of

LEVI BROWDER

versus

STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT.

Court of Appeal
PARISH OF ORLEANS
FILED MAR 27/22

—————————

————————

ON REHEARING.

Dinkelspiel; J.

In the original opinion filed in this case, we decided that under the Workmen's Compensation Act, that no suit could be brought against the Insurance Company under Section 25 of the Act without literally complying thereto and we have come to the conclusion that in that opinion we were in error; but in the petition of plaintiff, after stating the injuries received by her, she claims compensation on the further ground that defendants were liable to her for the accident in question; that notwithstanding the admission made in the brief and the argument of her counsel, that the trade, business or occupation carried on by defendants, Grommes & Elson, who were her employers, was that of manufacturing cigars by hand; that in said trade, business or occupation no mechanical power was used and that said trade, business or occupation was not hazardous and was not subject to the compensation laws of Louisiana, claiming that under Section 1, paragraph three of the Workmen's Compensation Law, the question of whether or not the trade, business or occupation, not named therein, is hazardous, may be determined

by an agreement between the employer and the employee and that defendants have admitted through signs placed on different parts in their building that they were acting under the Workmen's Compensation Acts and further admitted through the testimony of their Agent, this fact, hence liable for the injuries inflicted.

This question has been presented to this Court in the matter of Eddie Dejan vs. Leo Ujffy, which case is to be found in the 14th Court of Appeal Reports, at page 230 and there it was held amongst other things:

"Every person performing services arising out of or incidental to his employment in the course of his employer's trade, business or occupation in the following hazardous trades, business and occupation."

And the Court goes on in its decision to deny this statement and assert to the contrary and finally says:

"We do not overlook the fact that this clause added to Section 3, gives that section the same meaning as that conveyed by Section 4, and without that last clause it might be that the section would have to be interpreted as contended for by plaintiff; but the clause has been inserted, and we have nothing to do but to give it effect."

And in a recent case decided by this Court, Ella Anderson vs. Tharp, Sontheimer Co. No. 7373 of the Docket of this Court, the Court holds in the syllabus:

"Carriage-driving is not a "hazardous occupation" enumerated by Act 20 of 1914, the Workmen's Compensation Act, and therefore, a carriage-driver who is injured while driving for his employer has no recourse for compensation against him under the Act."

And in the body of the opinion the Court goes on to state:

"Where the statute is confined to hazardous employments, no employment can be treated as such, unless it is, by a fair construction of the act, declared so to be."

Citing numerous authorities.

And the Court goes on further:

"The express mention of a number of occupations as "hazardous" necessarily excludes those not mentioned."

Quoting numerous authorities.

And further quoting from that opinion:

"Neither can the plaintiff find relief in 3 or 4 of Section 1 of the Act which reads as follows:

"3 If there be or arise any hazardous trade, business or occupation or work other than those hereinabove enumerated, it shall come under the provisions of this Act. The question of whether or not a trade, business, or occupation not named is hazardous may be determined by agreement between the employer and employee, or by submission at the instance of either employer or employee to the Judge of the Court which shall have jurisdiction over the employer in a civil case. The decision of the Court shall not be retroactive in its effect."

"4. An employer and any employee in a trade, business or occupation not specified in paragraph of this Section, and any one engaged in a trade, business or occupation that may not be determined to be hazardous under the operation of paragraph 3 of this Section, may, prior to the accident, voluntarily contract in writing to come under the benefit and protection of the provisions of this act with the same force and effect as though they had been specifically included instead of omitted."

The plaintiff did not allege that, under 3; he had agreed with the defendants, or that either he or his employer had submitted, at any time, to any competent judge, the question of whether or not his occupation was hazardous. The learned judge of the District Court was of opinion that this agreement and this submission must take place prior to the accident. He said:

"That the agreement must be effected prior to the accident or injury for which compensation is sought is plainly required by Section 3. And that the submission to the Court must also proceed the accident results clearly from the provision that the decision of the Court shall not be retroactive. This means that the Court's judgment as to whether or not the contract comes within the provisions of the act affects the relations of the parties in the future, and does not determine what their relations were in the past."

This point was also decided in the same sense by us in the case, already quoted of Dejan vs. Ujffy, and a writ of review denied.

Nor does the plaintiff allege that at any time he had contracted with his employer "to come under the benefit and protection" of the Act of 1914".

Under the authorities above quoted we construe that a cigar manufacturing company worked entirely by hand is not a hazardous occupation under the terms of the Workmen's Compensation Act, therefore plaintiff cannot recover under this Act.

For the reasons assigned, it is ordered, adjudged and decreed that plaintiff's suit be dismissed and the judgment of the lower Court reversed.

                    —Judgment reversed and plaintiff's action
                              dismissed—